Milton A. Wilts®, J.
The defendant was convicted upon a plea of guilty of a violation of section 600 of the Vehicle and Traffic Law, before the Hon. Fred Jones, Justice of the Peace of the Town of Watertown, on October 8, 1960. Judgment was entered on that date.
From such conviction, he has appealed.
The defendant relies for a reversal of the conviction mainly upon the ground that the defendant was confused when he entered a plea of guilty to the charge and did not realize what he was doing, because the Magistrate read to him all or part of section 605 of the Vehicle and Traffic Law at the time of the entry of the guilty plea.
From the return, it appears that the defendant was informed at the time of his arraignment on the charge on October 8, that he had a right to counsel, an adjournment to obtain counsel, and that he was also advised of all other necessary matters, including the reading of section 335-a of the Code of Criminal Procedure.
An adjournment was granted to the defendant for two and one-half weeks to enable him to obtain counsel and he was released on bail. However, subsequent to this original arraignment, and on the same date of October 8, the defendant returned to the office of the Magistrate and entered a plea of guilty to the charge. Before doing so, section 335-a of the Code of Criminal Procedure was again read to the defendant, as was section 600 of the Vehicle and Traffic Law. Also, it appears from an affidavit of the Magistrate which was apparently prepared by counsel for the defendant, and made a part of the return, by consent of the Magistrate, that a part or all of section 605 of the Vehicle and Traffic Law was read to the defendant at that time.
Such section requires any person involved in an accident where personal injury results, or where property damage in excess of $100 is sustained, to report the same to the Commissioner of Motor Vehicles within 48 hours.
Subdivision (b) of said section prescribes the penalty for failure to do so. It reads as follows: “ (b) Failure to report an accident as herein provided or failure to give correctly the information required of him by the commissioner in connection *838 with such report shall be a misdemeanor and shall constitute a ground for suspension or revocation of the operator’s (or chauffeur’s) license or all certificates of registration for any motor vehicle, or of both, of the person failing to make such report as herein required.”
The member of the State Police who apprehended the defendant talked with the defendant at the office of the Magistrate prior to the entry of the plea of guilty to the charge, and such officer told him that it would be “up to the Commissioner what happened to his license and that the Commissioner might suspend his license ”. This conversation of the officer with the defendant is also set forth in the affidavit above referred to.
Defendant contends that the reading of section 605 of the Vehicle and Traffic Law, particularly subdivision (b) thereof, and the conversation with the officer, confused him upon his second appearance on October 8 when he entered the plea of guilty. All of the proper advice given to the defendant, including the reading of section 335-a of the Code of Criminal Procedure were vitiated, he urges, because of these occurrences.
On this appeal, it appears that not only was the defendant, upon his original arraignment, advised of the provisions of section 335-a and all of his other substantial rights, but that he was again advised concerning section 600, under which he was charged, and the provisions of section 335-a aforesaid, when he decided to change his plea to guilty later in the afternoon of October 8. Even though section 605 relates to a different charge, reading its contents would appear to be mere surplusage, and nothing that would affect any substantial right of the defendant as far as the record shows here. The defendant wTas an adult male person, had been apprised of the charge against him, and was not under any compulsion to enter a plea of guilty on October 8, since he had been accorded a lengthy adjournment to consult with counsel and to prepare for trial, if he so desired. It also seems as though the conversation with the State Trooper would have served to further inform the defendant of the possible serious consequences of a plea of guilty to the charge of leaving the scene of an accident.
Several authorities are cited by the defendant which, it is claimed, support his position here. However, these cases appear to relate largely to applications under article 78 of the Civil Practice Act instituted by a petitioner in the Supreme Court to annul an order of the Commissioner of Motor Vehicles whereby an operator’s license or certificate of registration had been suspended or revoked. These authorities indicate that the taking of testimony is necessary to determine whether a Magis *839 trate has given proper advice and warning upon the arraignment of a defendant, and whether he may have undertaken to give extraneous advice which tended to vitiate the same.
There is no provision for the taking of testimony in this appeal. Upon the record here, the judgment of conviction should be affirmed in all respects.